## UNDERWOOD et al. v. WAKEFIELD et al.

Where a cause could have been on the April, 1909, calendar of the Supreme Court, and the record was not transmitted until February 18, 1911, because the circuit court clerk's fees had not been paid, and appellants' counsel had no right to assume the record would be forwarded without the payment of his fees, it was unreasonable for him to claim that for two years he supposed the cause to be in the Supreme Court, and the appeal should be dismissed.

An appeal is a privilege granted by statute, and to entitle one to such privilege he should proceed with diligence to do those things required by statute.

Where there has been a trial, presumed to have been fair and the judgment therein right, respondents are entitled to the full benefit of it, subject to appellants' privilege of appeal, and to require them to suffer for the neglect of appellants' counsel in perfecting the appeal for two years would be unjust.

Corson, J., dissenting.

(Opinion filed May 22, 1911.)

Appeal from Circuit Court, Aurora County.   Hon. FRANK B. SMITH, Judge.

Action by F. T. Underwood and others against S. M. Wakefield and others. From a judgment for plaintiff, defendants appeal.   On order to show cause.   Appeal dismissed.

WHITING, J.   This cause is before us upon an order to show cause, requiring the appellants to show cause, if any there be, why the appeal herein should not be dismissed on account of inexcusable neglect in not prosecuting the appeal with due diligence.   It appears from the records and files herein:   That judgment was rendered in the circuit court in March, 1908; that said appeal was taken in time, so that, if the record upon appeal had been speedily transmitted to this court, the cause would have been upon the April, 1909, calendar of this court; that the record upon appeal was never certified to and transmitted to this court until February 18, 1911; that, upon receipt of said record, the clerk of this court refused to file said record and place said cause upon the calendar of this court; that on February 28, 1911, appellants procured an order of this court requiring respondents to show cause, if any there was, why this court should not authorize and direct the filing of

such record and the placing of this cause upon the trial calendar of this court; that a hearing was had upon such order to show cause, upon which hearing were submitted affidavits on behalf of appellants, setting forth their purported excuse for the apparent neglect herein; that on March 15, 1911, this court entered an order denying the relief sought by appellants; and that on March 23, 1911, respondent procured the order to show cause now before the court for consideration.

It would seem that this court had virtually disposed of this matter by its order refusing to authorize and direct the filing of the record upon appeal and the placing of this cause upon the trial calendar; but appellants are strenuously insisting that the cause should not be dismissed, and that this court should reverse its former order. As one member of the court is of the opinion that the appeal herein should not be dismissed, we deem it best to review briefly the undisputed facts herein, which facts seem, to the majority of the court, to demand the dismissal of this cause and to warrant the former order of the court.

[1] It appears that briefs and abstracts upon appeal were prepared, and that there was every reason, so far as respondents were concerned, to suppose that the cause would be upon the April, 1909, calendar of this court. The clerk of the trial court failed to transmit the appeal record to this court, because his fees therefor as well as his fees prior to appeal had not been paid. Counsel for appellants insist that he supposed the record had been properly transmitted, and the cause placed upon the calendar of this court, until, some time in February, 1911, he received a letter from the clerk of this court asking what said clerk should do with the abstracts and briefs herein, and said counsel then learned that this cause was not in this court. Said counsel claims to have had a running account with the clerk of the trial court, and that he therefore supposed he would transmit the appeal record without payment of fees in advance. There appears, however, in evidence, a letter from said clerk to such counsel, written prior to the taking of the appeal, giving a statement of the clerk's fees, and stating: "Which I think your clients should pay, if they are going to take

an appeal. I wish you would attend to this for me, and I will greatly appreciate it." After receipt of such letter, appellants' counsel had no right to believe the appeal record would be forwarded without the clerk's fees being paid. Said counsel claims that he supposed the fees of the clerk of this court, required by law to be paid in advance, had been paid, when same were never paid until February, 1911. The only excuse offered by counsel is that the looking after this appeal was left largely to his office help; he himself being a very busy man. Believing his cause to have been transferred to this court, appellants' counsel should have been expecting the same to be upon the April, 1909, calendar, and, when not upon such calendar, due diligence required his ascertaining why it was not upon same, and such diligence would have revealed to such counsel that the facts learned by him two years later. If counsel did not receive from the clerk of this court, prior to the opening of the April, 1909, term, a copy of the calendar for that term, that fact should have put him upon notice. It is certainly unreasonable for counsel to claim that during this space of two years he supposed said cause to be here in this court, and yet at the same time concede he had paid no attention to its status here. The negligence of counsel is without the least shadow of excuse.

[2, 3] Should the appeal be dismissed? No proposition of law is better settled than that an appeal is not a matter of absolute right, but rather a privilege granted by statute. To entitle one to such privilege he should proceed with diligence to do those things required by statute to insure such privilege, and a failure to so proceed forfeits such privilege of appeal. It must be borne in mind that there had been a trial, presumed to have been fair, and judgment therein right. Respondents were entitled to the full benefit of such judgment, subject to appellants' privilege of appealing. To require respondents to suffer for the neglect of appellants' counsel is certainly unjust. It would be absolutely impossible for courts to transact business, if litigants were not held bounden by what their counsel do or fail to do, except, perhaps, in extreme cases, where counsel have willfully and intentionally failed in their duties.

The appeal herein should be, and the same is, dismissed at appellants' cost.

CORSON, J., dissents.